09-1039-ag
Chen v. Holder

BIA
Videla, IJ
A099 533 620

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand ten.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
            *Circuit Judges.*

_____

XIONG FENG CHEN, A.K.A. HIONG FENG CHEN,
        *Petitioner,*

        v.                                        09-1039-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; William C. Peachey,
                       Assistant Director; Eric W.
                       Marsteller, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiong Feng Chen, a native and citizen of the People's Republic of China, seeks review of a February 13, 2009 order of the BIA affirming the May 16, 2007 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiong Feng Chen*, No. A099 533 620 (B.I.A. Feb. 13, 2009), *aff'g* No. A099 533 620 (Immig. Ct. N.Y. City May 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Chen articulated two separate bases for asylum in his application for relief. The IJ found that Chen failed to meet his burden of proof regarding his claim that he endured

2

past persecution based on his membership in a particular social group.  Additionally, the IJ found not credible Chen's alleged well-founded fear of persecution based on his purported membership in the China Democracy Party ("CDP").  We address each of the IJ's findings in turn.

**I.   Past Persecution**

We find no error in the IJ's determination that Chen did not experience past persecution on account of a protected ground when he was arrested after he and his father attempted to prevent authorities from taking their land.  *See* 8 U.S.C. § 1101(a)(42).  Chen claimed that Chinese officials beat him and detained him overnight on account of his membership in the alleged social group of "peasant farmers."  As we have held, not all applicants who can point to membership in some group united by a shared past experience will qualify for asylum.  *See Koudriachova v. Gonzales*, 490 F.3d 255, 261-62 (2d Cir. 2007).  Rather, the applicant's status as a member of that group—and not some other factor—must be a central reason why that individual is targeted for persecution.  *See* 8 U.S.C. § 1158(b)(1)(B).  Here, the IJ determined that "[t]he government simply wanted the land to build the park" and arrested Chen and his father because they were "trying to

3

oppose the measures that were being taken by authorities."

We find no error in this determination. *See Koudriachova*, 490 F.3d at 261-62; *see also Matter of J-B-N- & S-M-*, 24 I. & N. Dec. 208, 215 (BIA 2007).

## II. Well-Founded Fear of Persecution

With respect to Chen's alleged fear of future persecution on account of his alleged CDP membership, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

We defer to the IJ's determination that Chen's demeanor was not persuasive and that he appeared to have "memorized certain information." *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ also reasonably found that Chen failed to testify consistently regarding when he joined the CDP, and that he omitted from his testimony on direct examination that police were aware of his CDP membership and had repeatedly visited his home in China. These discrepancies were valid bases for finding Chen not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). To the extent Chen offered explanations, the IJ was not compelled to credit them. *See Majidi*, 430 F.3d at 80-81.

4

Finally, given Chen's already questionable testimony, the IJ did not err in finding that his failure to provide adequate corroboration further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Because Chen was thus unable to establish the requisite well-founded fear of future persecution necessary for asylum, it follows that he also failed to meet the higher standard required for withholding of removal and CAT relief. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006); *Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk